United States District Court
Southern District of Texas
**ENTERED**
November 06, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| GREGORY HUNTER,<br><br>Plaintiff.<br><br>V.<br><br>SECRETARY OF VETERANS AFFAIRS, AN OFFICER OF THE UNITED STATES OF AMERICA,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:26-cv-00354 |

## MEMORANDUM AND RECOMMENDATION

Defendant Secretary of Veterans Affairs, an Officer of the United States of America (the "Secretary"), has moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and, alternatively, under Rule 12(b)(6) for failure to state a claim. *See* Dkt. 7.

## BACKGROUND

On September 18, 2026, Plaintiff Gregory Hunter, appearing pro se, filed suit against the Secretary in the 149th Judicial District Court of Brazoria County, Texas. Hunter's lawsuit concerns real property located at 2914 Verde Valley Drive, Manvel, Texas 77578 (the "Property"). The Property was sold at a non-judicial foreclosure sale, and the Secretary currently holds title to the Property. In his lawsuit, Hunter asks (1) for a "bill of review" to set aside the foreclosure sale and Substitute Trustee's Deed; (2) to quiet title to the Property in Hunter's name; (3) to declare the foreclosure sale and Substitute Trustee's Deed void and declare Hunter the sole lawful owner of the Property; and (4) to restrain and enjoin the Secretary from proceeding with eviction, executing any writ of possession, and selling, transferring, or encumbering the Property.

The Secretary timely removed the case to federal court and now moves to have the case dismissed. I need to address only the Secretary's contention that this court lacks subject matter jurisdiction.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges a district court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction defines the court's authority to hear a given type of case; it represents the extent to which a court can rule on the conduct of persons or the status of things." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (cleaned up). "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Pls.),* 668 F.3d 281, 286 (5th Cir. 2012) (quotation omitted). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

## ANALYSIS

The Secretary argues that this court lacks subject matter jurisdiction because a lawsuit challenging the federal government's title to real property must first be filed in federal district court. I agree.

The United States Supreme Court has held that the Quiet Title Act of 1972 "provide[s] the exclusive means by which adverse claimants [may] challenge the United States' title to real property." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1983). Under the Quiet Title Act, "[a] quiet title action against the federal government must be brought in federal court." *Equity Tr. Co. v. McDonald*, 806 F.3d 833, 834 (5th Cir. 2015); *see also* 28 U.S.C.

§ 1346(f) ("The district courts shall have exclusive original jurisdiction of civil actions . . . to quiet title to an estate or interest in real property in which an interest is claimed by the United States.").

Hunter did not bring his quiet title action against the United States in federal court, as required. He filed his lawsuit in state court, which does not have jurisdiction over the Secretary or Hunter's claims against him. The Secretary's removal to a federal forum did not cure this jurisdictional defect. That is because "when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction." *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014). "Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." *Minnesota v. United States*, 305 U.S. 382, 389 (1939).

The Fifth Circuit's holding in *Equity Trust* is dispositive. In that case, the plaintiff filed suit against the Secretary in state court to quiet title to a foreclosed property. *See Equity Tr.*, 806 F.3d at 833. The Secretary removed the action to federal court, and the district court dismissed the case for lack of subject matter jurisdiction. *See id.* In affirming the district court's dismissal of the suit for lack of subject matter jurisdiction, the Fifth Circuit held: "A quiet title action against the federal government must be brought in federal court, and when the state court lacks subject matter jurisdiction, no jurisdiction is added by removal to federal court." *Id.* at 834. The same rule applies here, depriving this court of subject matter jurisdiction over Hunter's lawsuit.

## CONCLUSION

For the reasons discussed above, I recommend that the Secretary's motion to dismiss under Rule 12(b)(1) be granted and Hunter's claims dismissed without prejudice to refiling in federal court in the first instance.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R.

Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 6th day of November 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE